IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GLEN AND ANITA LANGLEY, <br> Plaintiffs, <br> <br> vs. <br> <br> GREEN TREE SERVICING, LLC, and <br> FLAGSTAR BANK, FSB <br> Defendants. | § <br> § <br> §    CIVIL ACTION NO. <br> § <br> §    Jury Trial Demanded <br> § <br> § <br> § <br> § |

## COMPLAINT AND JURY DEMAND

### NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Chapter 392, and the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code § 17.01 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiffs' action occurred in this district, Plaintiffs reside in this district, and Defendants transact business in this district.

### PARTIES

4. Plaintiffs are natural persons who at all relevant times resided in the State of Texas, County of Montgomery, and City of The Woodlands.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

1

6. Defendant Green Tree Servicing, LLC ("Green Tree") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5).

7. Green Tree is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6).

8. Defendant Flagstar Bank, FSB ("Flagstar") was the creditor and servicer of Plaintiffs' home mortgage account prior to transferring the account to Green Tree.

9. Flagstar is a "debt collector" as defined by Tex. Fin. Code § 392.001(6).

## FACTUAL ALLEGATIONS

10. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt.

11. Plaintiffs' obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a home mortgage account (the "Debt").

12. Green Tree uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or asserted to be once owed or due, another.

13. On February 25, 2015, the previous creditor of the Debt, Flagstar, sent Plaintiffs an offer to enter into a loan modification agreement for the Debt (the "Agreement").

14. A true and accurate copy of the Agreement is attached to this complaint as Exhibit A.

15. The Agreement identifies the unpaid principle balance of the Debt as $226,279.49 with an annual rate of interest of 7.25%. *See* Exhibit A.

16. In addition to the Agreement, Flagstar Bank enclosed a letter to Plaintiffs dated February 25, 2015.

17. A true and accurate copy of the February 25, 2015 letter is attached to this complaint as Exhibit B.

18. The February 25, 2015 letter states that to accept and execute the Agreement Plaintiffs must "by 03/11/2015 return the signed documents and certified check for the total closing funds due in the amount of $2,143.97."

19. Additionally, the February 25, 2015 letter further states that for Plaintiffs to accept the offer and execute the Agreement, each borrower to the Debt must:

- Sign the documents in black ink, **in front of a Notary Public (and Witnesses, if required)**
- Return two (2) sets of signed/notarized documents in the reusable Overnight Envelope (prepaid)
- Keep one (1) set of signed/notarized documents for your records
- Include a CERTIFIED CHECK payable to FLAGSTAR BANK, FSB (include Name and Loan #), for the **TOTAL CLOSING FUNDS DUE**

Exhibit B (emphasis in the original).

20. The February 25, 2015 letter also states that the modification payment amount is $2,167.07. *See* Exhibit B.

21. Plaintiffs took all the necessary steps expressed in the February 25, 2015 letter to accept the offer and sent Flagstar the signed Agreement and a certified check dated March 6, 2015 for $2,143.97 on March 6, 2015.

22. A true and correct copy of the March 6, 2015 check is attached to this complaint as Exhibit C.

23. Consequently, the offer was accepted and Plaintiffs believed the Agreement to be executed.

24. Upon information and belief, Flagstar did not sign the Agreement as agreed in the February 25, 2015 letter and sold the Debt to Green Tree.

25. Plaintiffs relied upon Flagstar's representation that the Agreement will be signed to their detriment.

26. Plaintiffs also spoke with Flagstar who stated that once the Agreement is received, Flagstar would update Plaintiffs' credit report to reflect that the payments to the Debt are current.

27. Plaintiffs' April 2015 credit report indicates that Flagstar has not updated Plaintiffs' credit report, as Flagstar had promised.

28. To this date, Plaintiffs' credit report does not reflect that Plaintiffs are current in their payments on the Debt.

29. Plaintiffs relied upon Flagstar's representation that the credit report would be adjusted to their detriment.

30. Upon information and belief, Green Tree does not honor the Agreement that is executed pursuant to the offer and conditions set forth in the February 25, 2015 letter.

31. Green Tree has instead treated the Debt as if it has been in default since it acquired the Debt.

32. On March 22, 2015, Green Tree sent Plaintiffs a letter disclosing the name of Plaintiffs' account representative (the "March 22, 2015 representative disclosure letter").

33. A true and correct copy of the March 22, 2015 representative disclosure letter is attached to this complaint as Exhibit D.

34. The March 22, 2015 representative disclosure letter states: "This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose." Exhibit D.

35. Green Tree sent Plaintiffs a communication in connection with the collection of the Debt, in the form of a monthly billing statement, dated March 25, 2015.

36. A true and correct copy of the March 25, 2015 monthly billing statement is attached to this complaint as Exhibit E.

37. The March 25, 2015 monthly billing statement was Green Tree's initial communication with Plaintiffs with respect to the Debt.

38. In the alternative, the March 22, 2015 representative disclosure letter was Green Tree's initial communication with Plaintiffs with respect to the Debt.

39. The March 25, 2015 monthly billing statement identifies the principal balance of the Debt as $208,512.32, the regular monthly payment as $2,211.49, and the total amount due as $23,866.29 on June 1, 2014.

40. The March 25, 2015 monthly billing statement did not contain a statement of Plaintiffs' rights to dispute the Debt pursuant to 15 U.S.C. § 1692g(a).

41. The March 25, 2015 monthly billing statement incorporated a delinquency notice that stated:

> **You are late on your mortgage payments.** Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of March 25 you are 297 days delinquent on your mortgage loan. Your account first became delinquent on 06/01/2014.

Exhibit E (emphasis in original).

42. More than five days letter, Defendant sent Plaintiffs a notice of transferred debt dated March 31, 2015 (the "March 31, 2015 notice of transfer").

5

43. A true and correct copy of the notice of transferred debt is attached to this complaint as Exhibit F.

44. The March 31, 2015 notice of transfer states that "[t]he servicing of your account was transferred from Flagstar Bank, FSB to Green Tree on March 16, 2015." Exhibit F.

45. The March 31, 2015 notice of transfer discloses Plaintiffs' right to dispute the Debt pursuant to 15 U.S.C. § 1692g(a). *See id.*

46. The March 31, 2015 notice of transfer also states: "**This communication is from a debt collector. It is an attempt to collect a debt and any information obtained will be used for that purpose.**" *Id.* (emphasis in original).

47. After receiving the March 25, 2015 monthly billing statement, Plaintiffs contacted Green Tree and informed the Green Tree representative of the Agreement and the modification's monthly payment of $2167.07 for the Debt, the Green Tree representative told Plaintiffs to pay $2138.14 in order to maintain good standing on the Debt.

48. Green Tree sent Plaintiffs a monthly billing statement dated April 16, 2015.

49. A true and correct copy of the April 16, 2015 monthly billing statement is attached to this complaint as Exhibit G.

50. The April 16, 2015 monthly billing statement identifies the principal balance of the Debt as $208,512.32, the regular monthly payment as $2,211.49, and the total amount due as $26,097.78 on June 1, 2014.

51. The April 16, 2015 monthly billing statement incorporated a delinquency notice that stated:

> **You are late on your mortgage payments.** Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of March 16 you are 319 days delinquent on your mortgage loan. Your account first became delinquent on 06/01/2014.

Exhibit G (emphasis in original).

52. Upon the Green Tree representative's representation, Plaintiffs paid $2138.14 to Green Tree on April 21, 2015 and again on May 4, 2015.

53. Green Tree sent Plaintiffs another monthly billing statement dated May 8, 2015.

54. A true and correct copy of the May 8, 2015 monthly billing statement is attached to this complaint as Exhibit H.

55. The May 8, 2015 monthly billing statement identifies the principal balance of the Debt as $226,118.32, the regular monthly payment as $2,167.07, and the total amount due as $6,501.21 on April 1, 2015.

56. The May 8, 2015 monthly billing statement did not incorporate a delinquency notice that was incorporated in the March 25, 2015 and April 16, 2015 monthly billing statements. *Compare* Exhibit H, *with* Exhibit E, *and* Exhibit G.

57. Additionally, the May 8, 2015 monthly billing statement identified an incorrect principal balance of the Debt as $226,118.32, an increase of $17,606 from that which Green Tree was previously attempting to collect in the March 25, 2015 and April 16, 2015 monthly billing statements. *Compare* Exhibit H, *with* Exhibit E, *and* Exhibit G.

58. Alternatively, the March 25, 2015 and April 16, 2015 monthly billing statements identified an incorrect principal balance of the Debt.

59. Green Tree sent Plaintiffs another monthly billing statement dated May 16, 2015.

60. A true and correct copy of the May 16, 2015 monthly billing statement is attached to this complaint as Exhibit I.

61. The May 16, 2015 monthly billing statement identifies the principal balance of the Debt as $226,118.32, the regular monthly payment as $2,167.07, and the total amount due as $6,573.58 on April 1, 2015.

62. The May 16, 2015 monthly billing statement incorporated a delinquency notice that stated:

> **You are late on your mortgage payments.** Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of May 16 you are 45 days delinquent on your mortgage loan. Your account first became delinquent on 04/01/2015.

Exhibit I (emphasis in original).

63. Green Tree sent Plaintiffs a notice of default and right to cure default dated May 18, 2015 (the "May 18, 2015 notice of default").

64. A true and correct copy of the May 18, 2015 notice of default is attached to this complaint as Exhibit J.

65. The May 18, 2015 notice of default identifies that Plaintiffs' default resulted from "[f]ailure to submit [] monthly payments due 04-01-15 through 05-01-15." Exhibit J.

66. The May 18, 2015 notice of default states:

> If you do not cure your default in the time allowed by taking action as stated above, the creditor may exercise any or all of our remedies provided by law and in your Note. These remedies may include foreclosure on the real property securing the loan. You may be held personally liable under state law, if any, for any deficiency balance not realized from the sale of the property.

67. The May 18, 2015 notice of default further states: "This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose." *Id*.

68. On May 26, 2015, Green Tree left, or caused to be left, a bright orange door tag upon Plaintiffs' front door.

69. A true and correct copy of the May 26, 2015 door tag and enclosed document is attached to this complaint as Exhibit K.

70. The door tag solicits Plaintiffs' telephone call and states that Green Tree is "expecting your call today." Exhibit K.

71. Additionally, the door tag identifies "GTree" to be called at "800-666-1143" for something "important." *Id*.

72. The May 26, 2015 door tag fails to state that the communication is from a debt collector.

73. Green Tree sent Plaintiffs a letter, dated June 1, 2015, indicating that their mortgage payment is 60 days or more past due.

74. A true and correct copy of the June 1, 2015 letter is attached to this complaint as Exhibit L.

75. The June 1, 2015 letter identifies that Plaintiffs are 61 days delinquent on paying the Debt. Exhibit L.

76. The June 1, 2015 letter states: "This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose." Exhibit L.

77. Enclosed with the June 1, 2015 letter is a packet containing a Uniform Borrower Assistance Form, an IRS Form 4506-T, Government Monitoring Data Form, Income Documentation and Hardship Documentation. *See* Exhibit L.

78. Plaintiffs have placed multiple telephone calls to Green Tree in connection to the Debt, including, but not limited to, the following dates:

    1) March 30, 2015;
    2) April 13, 2015;

       3) April 20, 2015;
       4) April 21, 2015;
       5) May 1, 2015;
       6) May 5, 2015;
       7) May 14, 2015;
       8) May 19, 2015; and,
       9) May 20, 2015.

79. Green Tree's representations as to the character and amount of the Debt were false or misleading, where Plaintiffs have made all payments required since accepting the offer of loan modification from Flagstar.

80. As a result of Defendants' conduct, Plaintiffs suffered worry, anxiety, strife, time and expense in attempting to correct Defendants' mistakes, mental anguish, and emotional distress, including concern that they would lose their home when they have performed on their obligations since entering into the Agreement with Flagstar.

81. The mental anguish and emotional distress Plaintiffs have suffered was a natural consequence of Defendant's conduct.

82. The mental anguish and emotional distress Plaintiffs have suffered constitute mental anguish more than mere inconvenience or unpleasantness.

83. On June 17, 2015, Plaintiffs' counsel sent Green Tree notice that Plaintiffs were represented by counsel.

84. On June 23, 2015, Green Tree sent Plaintiffs' counsel a letter acknowledging receipt of Plaintiffs' counsel's June 17, 2015 letter.

85. Plaintiffs' counsel also sent Green Tree a letter on July 2, 2015 to follow up on the June 17, 2015 notice letter.

86. In connection with the collection of the Debt, Green Tree placed multiple telephone calls directly to Plaintiffs, including between June 26, 2015 and July 16, 2015.

87. Green Tree also sent written correspondence directly to Plaintiffs in connection with the collection of the Debt, including on July 6, 2015 and July 7, 2015.

88. Neither Plaintiffs nor their counsel provided Green Tree with prior consent to communicate directly with Plaintiffs with respect to the Debt.

89. Upon information and belief, Green Tree did not have the express permission of a court of competent jurisdiction to communicate directly with Plaintiffs with respect to the Debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## GREEN TREE

90. Plaintiffs repeat and re-allege each and every factual allegation above.

91. Defendant Green Tree violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged Debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant Green Tree violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)
## GREEN TREE

92. Plaintiffs repeat and re-allege each and every factual allegation above.

93. Defendant Green Tree violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant Green Tree violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(11)
## GREEN TREE

94. Plaintiffs repeat and re-allege each and every factual allegation above.

95. Defendant Green Tree violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiffs during each communication that the communication was from a debt collector.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant Green Tree violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f(1)
## GREEN TREE

96. Plaintiffs repeat and re-allege each and every factual allegation above.

97. Defendant Green Tree violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect an amount from Plaintiffs not expressly authorized by the Agreement creating the Debt or by law.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant Green Tree violated 15 U.S.C. § 1692f(1);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V
### VIOLATION OF 15 U.S.C. § 1692g(a)
### GREEN TREE

98. Plaintiffs repeat and re-allege each and every factual allegation above.

99. Defendant Green Tree violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiffs with the notices required by 15 U.S.C. § 1692g(a), either in its initial communication with Plaintiffs, or in writing within 5 days thereafter.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant Green Tree violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VI
### VIOLATION OF 15 U.S.C. § 1692c(a)(2)
### GREEN TREE

100. Plaintiffs repeat and re-allege each and every factual allegation above.

101. Defendant Green Tree violated 15 U.S.C. § 1692c(a)(2) by communicating directly with Plaintiffs in connection with the collection of the Debt, when Green Tree knew or should have known that Plaintiffs were represented by counsel with respect to the Debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a) Adjudging that Defendant Green Tree violated 15 U.S.C. § 1692c(a)(2);

   b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF TEX FIN CODE § 392.304(a)(8)
## GREEN TREE

102. Plaintiffs repeat and re-allege each and every factual allegation above.

103. Defendant Green Tree violated Tex. Fin. Code § 392.304(a)(8) by misrepresenting the character, extent, or amount of a consumer debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a) Adjudging that Defendant Green Tree violated Tex. Fin. Code § 392.304(a)(8);

   b) Awarding Plaintiff injunctive relief pursuant to Tex. Fin. Code § 392.403(a)(1);

   c) Awarding Plaintiff actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to Tex. Fin. Code § 392.403(b);

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
### VIOLATION OF TEX FIN CODE § 392.304(a)(19)
### GREEN TREE

104. Plaintiffs repeat and re-allege each and every factual allegation above.

105. Defendant Green Tree violated Tex. Fin. Code § 392.304(a)(19) by using any false representation or deceptive means to collect a debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant Green Tree violated Tex. Fin. Code § 392.304(a)(19);

b) Awarding Plaintiff injunctive relief pursuant to Tex. Fin. Code § 392.403(a)(1);

c) Awarding Plaintiff actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to Tex. Fin. Code § 392.403(b);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
### VIOLATION OF TEX FIN CODE § 392.304(a)(19)
### FLAGSTAR

106. Plaintiffs repeat and re-allege each and every factual allegation above.

107. Defendant Flagstar violated Tex. Fin. Code § 392.304(a)(19) by using any false representation or deceptive means to collect a debt.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant Flagstar violated Tex. Fin. Code § 392.304(a)(19);

b) Awarding Plaintiff injunctive relief pursuant to Tex. Fin. Code § 392.403(a)(1);

c) Awarding Plaintiff actual damages pursuant to Tex. Fin. Code § 392.403(a)(2);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to Tex. Fin. Code § 392.403(b);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## VIOLATION OF TEX. BUS. & COM. CODE § 17.46(a)
## FLAGSTAR

108. Plaintiffs repeat and re-allege each and every factual allegation above.

109. Defendant Flagstar violated Tex. Bus. & Com. Code § 17.46(a) by engaging in false, misleading, or deceptive acts or practices in the conduct of any trade or commerce.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated the DTPA, Tex. Bus. & Com. Code, Chapter 17, Subchapter E;

b) Ordering restoration of money acquired in violation of the DTPA, pursuant to Tex. Bus. & Com. Code § 17.50(b);

c) Awarding Plaintiffs economic damages, pursuant to Tex. Bus. & Com. Code § 17.50(b);

d) Awarding Plaintiffs three times economic damages, pursuant to Tex. Bus. & Com. Code § 17.50(b);

e) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to Tex. Bus. & Com. Code § 17.50(d);

f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

g) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

110. Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: July 16, 2015

Respectfully submitted,

/s/ Russell S. Thompson IV
Russell S. Thompson IV
Southern District Bar # 1572841
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone:   602-388-8898
Facsimile:   866-317-2674
rthompson@consumerlawinfo.com

/s/ Joseph Panvini
Joseph Panvini
Southern District Bar # 1572837
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: 602-388-8875
Facsimile: 866-317-2674
jpanvini@consumerlawinfo.com

Attorneys for Plaintiffs